**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

|  |  |
|---|---|
| DRINK LMNT, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>ELMNT, LLC,<br><br>                Defendant. | Civil Action No. _____<br><br>DEMAND FOR A JURY TRIAL |

**COMPLAINT WITH INJUNCTIVE RELIEF REQUESTED**

Plaintiff Drink LMNT, Inc. brings this complaint against Defendant ELMNT, LLC for ELMNT's willful infringement of LMNT's trademark rights, protected by its federal registrations and common law, and alleges as follows:

**NATURE OF ACTION**

1.      This case involves Defendant ELMNT's infringement of Plaintiff LMNT's mark LMNT, which LMNT has used to sell beverage supplements since 2018.

2.      ELMNT has been selling dietary and nutritional supplements since around 2022, around four years after LMNT first started making sales under the LMNT mark.

- 1 -

3.      ELMNT uses the marks ELMNT, ELMNT HEALTH, and TERRA

ELMNT to sell its products. However, it places its TERRA ELMNT mark on its

products in such a way that few if any consumers actually see the "TERRA"

portion of the mark—which is significantly smaller and nearly imperceptible—as

shown on the product packaging on ELMNT's website:



https://elmnthealth.com/products/lions-mane (last visited November 5, 2025)
(Ex. 1)

4.      Despite ELMNT's knowledge of LMNT's prior rights, ELMNT has

continued to use the marks ELMNT, ELMNT HEALTH, and TERRA ELMNT,

and other variations where ELMNT is dominant. These uses cause a likelihood of

confusion as to the source of ELMNT's supplements, ultimately diverting sales

away from Plaintiff LMNT. Below are examples of ELMNT's use of ELMNT and

ELMNT HEALTH, sourced from the Google Ads Transparency Center database

for "ELMNT, LLC."



https://adstransparency.google.com/advertiser/AR01623209909438906369?region=US

(last visited November 5, 2025) (Ex. 2)

5.    ELMNT's use also irreparably harms LMNT, as ELMNT's use

prevents LMNT from controlling its own trademarks, and any negative association

that may arise against ELMNT will harm LMNT's reputation as well.

6.    ELMNT's infringement of LMNT's mark LMNT encroaches upon

any reasonable notion of fair competition.

7.    LMNT brings this action for damages and injunctive relief for

trademark infringement, unfair competition, and false designation of origin

- 3 -

pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), and unfair competition under the common law of the State of Florida.

## PARTIES

8.     LMNT is a Delaware corporation headquartered in Florida with a principal business address at 1150 Central Ave, Naples, FL 34102.

9.     ELMNT is a Utah limited liability company with a principal place of business at 242 S 400 E, Spanish Fork, Utah 84660.

## JURISDICTION & VENUE

10.     This Court has subject matter jurisdiction over the asserted claims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

11.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over LMNT's state and common law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

12.     This Court has specific personal jurisdiction over ELMNT under Fla. Stat. § 48.193(1)(a)(1)–(2). ELMNT has purposefully availed itself of the privilege of conducting business in Florida by marketing, promoting, offering for sale, and selling dietary and nutritional supplements bearing the infringing ELMNT, ELMNT HEALTH, and TERRA ELMNT marks to Florida consumers—including consumers in this District—through its interactive website and through online retail platforms such as Amazon and Walmart.com.

13.    ELMNT's website is expressly configured to target and serve Florida residents. It accepts orders with Florida shipping addresses, calculates shipping and taxes for Florida destinations, processes payments from Florida customers, and ships the accused products into the state. Florida residents can and do purchase the infringing products directly from the site, where the ELMNT, ELMNT HEALTH, and TERRA ELMNT marks are prominently displayed.

14.    Upon information and belief, ELMNT has made numerous sales of infringing products to Florida purchasers. Its website, Amazon listings, and Walmart.com offerings all identify Florida as a shipping destination, and ELMNT routinely ships infringing goods into Florida in the ordinary course of business.

15.    Upon information and belief, ELMNT has generated substantial revenue from sales of products featuring the infringing marks to consumers in Florida.

16.    By intentionally operating commercial sales channels that reach and serve consumers in Florida, ELMNT should reasonably anticipate that it is subject to the jurisdiction of this Court.

17.    Exercising personal jurisdiction over ELMNT comports with due process because ELMNT's Florida-directed commercial activities give rise to, and are directly related to, the claims asserted in this action. ELMNT purposefully

availed itself of the Florida market, and the exercise of jurisdiction is reasonable and fair.

18.     Exercising jurisdiction over ELMNT does not offend traditional notions of fair play and substantial justice. LMNT is headquartered in this District, maintains a substantial customer base here, and Florida has a strong interest in adjudicating disputes involving trademark infringement affecting a Florida business and Florida consumers.

19.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to LMNT's claims—including ELMNT's marketing, offering for sale, and shipment of infringing goods into this District—occurred in the Middle District of Florida.

## FACTUAL ALLEGATIONS

**A.     Plaintiff LMNT**

20.     As early as 2018, LMNT began using the mark LMNT to promote and sell its electrolyte supplement drink mixes and beverages. Since that time, LMNT has committed millions of dollars to advertising its products throughout the United States, including in the Middle District of Florida.

21.     LMNT still uses the mark LMNT on its electrolyte supplement drink mixes and beverages. Over the years, LMNT has sold millions of dollars in

products, particularly electrolyte supplement drink mixes and beverages, marked with the mark LMNT.

22.    LMNT uses the mark LMNT in all caps on its products and in its marketing.

23.    As a result of LMNT's marketing and sales, LMNT's mark LMNT has become well-recognized by consumers as a mark of high-quality products originating from LMNT.

24.    This association is shown through the hundreds of videos on YouTube and other social media platforms from non-parties reviewing and commenting on LMNT's products.

25.    The strength of the LMNT mark and its association with high-quality products is also shown due to LMNT's products having over 35,000 reviews on Amazon while maintaining a 4.5 star or higher rating even after so many reviews. LMNT is currently the "#1 Best Seller" "Sports Nutrition Electrolyte Replacement Drink" on Amazon.

26.    LMNT markets and sells its products through on-line channels of trade such as its own website, Amazon, and Walmart.com, but also through "brick and mortar" stores such as Walmart and The Vitamin Shoppe.

27.    LMNT's target customer includes athletes and health-conscious individuals, but is not so limited. LMNT markets and sells to any individuals that are looking to improve their health and performance through supplements.

28.    Beyond developing common law rights in its mark LMNT, LMNT has obtained federal trademark registrations for the mark LMNT in various forms, including in block letter format, as shown below:

| Mark | Reg. No. and Date of Reg. | Goods and Services |
|---|---|---|
| LMNT ELEMENTAL LABS | U.S. Reg. No. 6,098,916 and Registered July 14, 2020. (Ex. 3) | Dietary supplement drink mixes |
| LMNT | U.S. Reg. No. 6,984,164 and Registered Feb. 21, 2023. (Ex. 4) | Dietary supplement drink mixes |
| LMNT (Block Letter) | U.S. Reg. No. 7,196,436 and Registered Oct. 17, 2023. (Ex. 5) | Dietary beverage supplements for human consumption in liquid and dry mix form for therapeutic purposes; Dietary supplement drink mixes; Electrolyte replacement solutions<br><br>Vacuum bottles; Water bottles sold empty<br><br>Powders used in the preparation of sports drinks; Powders used in the preparation of |

| | | isotonic sports drinks and sports beverages |
| --- | --- | --- |
| LMNT (Block Letter) | U.S. Reg. No. 7,444,299 and Registered July 9, 2024. (Ex. 6) | Beverages containing electrolytes for use as a nutritional supplement; Dietary supplemental drinks in the nature of vitamin and mineral beverages<br><br>Non-alcoholic water-based beverages, namely, non-alcoholic water-based beverages, non-alcoholic carbonated beverages, energy drinks; Non-alcoholic water-based beverages also containing electrolytes; Sports drinks; Sports drinks containing electrolytes |

29.     Each of these registrations constitutes prima facie evidence of the validity of the registered marks and LMNT's ownership of those registrations.

**B.      Defendant ELMNT**

30.     ELMNT used the mark ELMNT in commerce in the United States no earlier than January 2022.

31.     ELMNT used the mark TERRA ELMNT in commerce in the United States no earlier than January 2022.

32.    ELMNT used the mark ELMNT HEALTH in commerce in the United States no earlier than January 2022.

33.    ELMNT uses the mark ELMNT to market and sell its products. One example from ELMNT's website is shown below, referring to the "**ELMNT Testosterone Support capsule**" and "One **ELMNT** Total T Testosterone Support capsule":



https://elmnthealth.com/products/test-booster
(last visited March 13, 2025) (Ex. 7)

34.    ELMNT also uses the mark ELMNT in all caps, and the mark ELMNT HEALTH, to market and sell its products, examples of which are shown in paragraph 4. Said use includes within the domain <elmnthealth.com> and within the titles of Google Ads.

35.    As shown in paragraph 3, ELMNT also uses the mark TERRA ELMNT to market and sell its products, but it has stylized its mark in such a fashion that the smaller "TERRA" portion of its mark is virtually invisible.

36.    ELMNT targets its marketing and sales towards athletes and individuals looking to improve their health and performance through supplements.

37.    ELMNT uses its own website, Amazon, and Walmart.com to promote and sell its products under the marks ELMNT, ELMNT HEALTH, and TERRA ELMNT.

38.    When searching for "ELMNT" on Walmart.com, Plaintiff's and Defendant's products are placed in immediate proximity to each other on the website, increasing the likelihood of consumer confusion and initial interest confusion:



https://www.walmart.com/search?q=elmnt (last visited November 5, 2025)
(Ex. 8)

39.    Plaintiff LMNT has not authorized Defendant ELMNT to use the marks ELMNT, ELMNT HEALTH, TERRA ELMNT, or other variations containing the term ELMNT in the sale and marketing of ELMNT's products.

40.    LMNT has no control over the nature and quality of the goods that Defendant ELMNT markets and sells under the marks ELMNT, ELMNT HEALTH, or TERRA ELMNT.

41.    In December 2023, LMNT sent Defendant ELMNT a letter, putting ELMNT on notice of its infringement. In response, ELMNT refused to make any changes to help alleviate the likelihood of consumer confusion and simply continued to infringe, willfully attempting to utilize LMNT's earned goodwill in its LMNT mark as ELMNT's own.

42.    Defendant's use of the infringing ELMNT, ELMNT HEALTH, and TERRA ELMNT marks have harmed, will continue to harm, the goodwill symbolized by LMNT's LMNT mark and the reputation for quality and excellence that it embodies.

43.    Absent injunctive relief, LMNT will continue to suffer irreparable harm, at least in the form of loss of control of its reputation and goodwill in its LMNT mark.

44.     This and other damages to LMNT's reputation and goodwill in its LMNT mark resulting from ELMNT's infringing conduct can neither be easily quantified nor could it be undone through an award of money damages alone.

## COUNT I
### Federal Trademark Infringement of U.S. Trademark Reg. Nos. 7,196,436 and 7,444,299 in Violation of 15 U.S.C. § 1114

45.     LMNT incorporates the allegations in paragraphs 1 through 44 as if fully set forth here.

46.     LMNT is the owner of all right, title, and interest in, to and under its LMNT mark, including the trademark registrations listed in paragraph 28 and all goodwill appurtenant thereto.

47.     LMNT's federal registrations on the Principal Register are prima facie evidence of validity and LMNT's exclusive right to use the marks pursuant to 15 U.S.C. § 1115.

48.     LMNT has continuously and widely used the mark LMNT nationwide and on eCommerce platforms. LMNT intends to preserve and maintain its rights to, and continued use of, the LMNT mark.

49.     Without LMNT's consent, ELMNT has used, and continues to use, reproductions, copies, or colorable imitations of the LMNT mark in connection with the sale, offering for sale, distribution, or advertising of goods or services on

or in interstate commerce in connection with the promotion, advertisement, and sale of supplements.

50.     Defendant's unauthorized use of Plaintiff's LMNT mark, as protected by the U.S. trademark registrations listed in paragraph 28, and/or confusingly similar variations thereof, is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that ELMNT is affiliated, connected, or associated with Plaintiff's LMNT mark.

51.     The acts of ELMNT as alleged herein and above constitute trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

52.     ELMNT has engaged in this conduct knowingly, willfully, and in bad faith, in total disregard of LMNT's rights. Even though LMNT sent ELMNT notice of its infringement, ELMNT intentionally and willfully continues its unauthorized use of Plaintiff's LMNT mark. LMNT is therefore entitled to treble damages and its reasonable attorneys' fees.

53.     Defendant's unlawful actions have caused and are continuing to cause LMNT irreparable injury and monetary damages.

54.     As a direct and proximate result of ELMNT's conduct, LMNT has been and is likely to be substantially injured in its business, including its goodwill

and reputation acquired under the LMNT mark, resulting in lost revenues and profits and diminished goodwill.

55.    LMNT has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, LMNT will continue to suffer irreparable harm and injury.

56.    LMNT is therefore entitled to recover actual and treble damages, attorney fees, and costs pursuant to 15 U.S.C. §§ 1114 and 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

**COUNT II**
**Unfair Competition and False Designation of Origin in Violation of**
**15 U.S.C. § 1125(a)**

57.    LMNT incorporates the allegations in paragraphs 1 through 56 as if fully set forth herein.

58.    LMNT is the owner of all right, title, and interest in, to and under its LMNT mark, and all goodwill appurtenant thereto. Plaintiff's LMNT mark has been continuously and widely used by LMNT nationwide and on eCommerce platforms. LMNT intends to preserve and maintain its rights to the LMNT mark and to continue the use of the LMNT mark in connection with its supplement products.

59.    By virtue of the renown of the LMNT mark, the LMNT mark has developed secondary meaning and significance in the mind of the relevant public.

The purchasing public associates goods bearing the LMNT mark with a single source, namely LMNT.

60.    Without LMNT's consent, ELMNT has used, and continues to use, reproductions, copies, or colorable imitations of the LMNT mark in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in interstate commerce in connection with the promotion, advertisement, and supplements.

61.    Defendant's unauthorized use of the LMNT mark, and/or confusingly similar variations thereof, is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that ELMNT is affiliated, connected, or associated with LMNT's LMNT mark.

62.    The acts of ELMNT as alleged herein and above constitute unfair competition and/or false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.    ELMNT has engaged in this conduct knowingly, willfully, and in bad faith, in total disregard of LMNT's rights. Even though LMNT sent ELMNT notice of its infringement, ELMNT intentionally and willfully continues its unauthorized use of Plaintiff's LMNT mark and/or confusingly similar variations

thereof. LMNT is therefore entitled to treble damages and its reasonable attorneys' fees.

64.    Defendant's conduct has deprived LMNT of its rightful ability to control the quality of goods and services uniquely associated with Plaintiff's LMNT mark and to ensure that their associated, valuable goodwill, and reputation are protected. Defendant's unlawful actions have caused and are continuing to cause LMNT irreparable injury and monetary damages.

65.    As a direct and proximate result of Defendant's conduct, LMNT has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the LMNT mark, resulting in lost revenues and profits and diminished goodwill.

66.    LMNT has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, LMNT will continue to suffer irreparable harm and injury.

67.    LMNT is therefore entitled to recover actual and treble damages, attorney fees, and costs pursuant to 15 U.S.C. § 1114 and 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## <u>COUNT III</u>
### Unfair Competition in Violation of Florida Common Law

68.    LMNT incorporates the allegations in paragraphs 1 through 67 as if fully set forth herein.

69.    Plaintiff's LMNT mark has become well and favorably known throughout the United States and within the State of Florida.

70.    Defendant's conduct, as set forth above, constitutes unfair competition under Florida common law. Defendant has engaged in deceptive and misleading acts that have caused, and are likely to cause, consumer confusion, mistake, or deception as to the affiliation, connection, or association between Defendant and LMNT, and as to the origin, sponsorship, or approval of Defendant's goods.

71.    ELMNT engaged in this conduct knowingly, willfully, and in bad faith.

72.    Defendant's intentional and willful actions have caused and are continuing to cause LMNT irreparable injury and monetary harm.

73.    As a direct and proximate result of Defendant's conduct, LMNT has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the LMNT mark, resulting in lost revenues and profits and diminished goodwill, in an amount not yet fully ascertained.

74.    LMNT has no adequate remedy at law. Unless Defendant's unlawful conduct is preliminarily and permanently enjoined, LMNT will continue to suffer irreparable harm.

## <u>COUNT IV</u>
### Cancellation of U.S. Trademark Registration No. 7,118,388 under 15 U.S.C. § 1064

75.    LMNT incorporates the allegations in paragraphs 1 through 74 as if fully set forth herein.

76.    LMNT is the rightful owner of common law rights in the mark LMNT and of the trademark registrations listed in paragraph 28.

77.    As a result of LMNT's extensive and continuous use of the LMNT mark, that mark identifies LMNT and its products.

78.    Without authorization from LMNT, on February 1, 2022, ELMNT filed U.S. Trademark Application No. 97/248,466 for the mark TERRA ELMNT for "Dietary and nutritional supplements."

79.    This application proceeded to registration on July 25, 2023 as U.S. Trademark Registration No. 7,118,388 ("TERRA ELMNT Registration") (Ex. 9).

80.    The products ELMNT offers and which are featured within the TERRA ELMNT Registration—in connection with a mark that is substantially similar to LMNT's LMNT mark—are identical or related to those goods LMNT offers and sells under the LMNT mark, including the trademark registrations listed in paragraph 28.

81.    The mark featured within the TERRA ELMNT Registration is similar in appearance, sound, and commercial impression to the LMNT mark.

82.    ELMNT's TERRA ELMNT Registration is confusingly similar to the LMNT mark, constituting a reproduction, copying, or colorable imitation of the LMNT mark in a manner that is likely to cause confusion, mistake, or is likely to deceive consumers.

83.    ELMNT's TERRA ELMNT Registration will continue to damage LMNT as a result of likelihood of confusion, and ELMNT's U.S. Trademark Registration No. 7,118,388 should be cancelled under 15 U.S.C. § 1119.

## **PRAYER FOR RELIEF**

WHEREFORE, LMNT prays for judgment and relief against ELMNT as follows:

A.    For preliminary and permanent injunctive relief enjoining ELMNT and any principals, agents, servants, employees, successors and assigns of ELMNT and all those in privity, concert or participation with ELMNT from:

i.    imitating, copying, duplicating or otherwise making any use of Plaintiff's LMNT mark or any mark confusingly similar to Plaintiff's LMNT mark, including the marks ELMNT, ELMNT HEALTH, and TERRA ELMNT;

ii.    using any false designation of origin or false description which can or is likely to lead the trade or public, or individual

members thereof, to believe mistakenly that any service advertised, promoted, offered or sold by ELMNT is sponsored, endorsed, connected with, approved or authorized by LMNT;

iii.   continued use of the domain <elmnthealth.com> to sell supplements;

iv.   using, displaying, or bidding on Google Ads or any other form of advertising, marketing, or promotion that incorporates the marks LMNT, ELMNT, ELMNT HEALTH, TERRA ELMNT, or any confusingly similar variations thereof in connection with supplements, drink mixes, or beverages;

v.   causing likelihood of confusion or injury to LMNT's business reputation and to the distinctiveness of the LMNT mark by unauthorized use of the LMNT mark or any mark confusingly similar to the LMNT mark;

vi.   engaging in any other activity constituting unfair competition or infringement of LMNT's mark or LMNT's rights in, or to use, or to exploit the same;

vii.   assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

- 21 -

B.   Find that ELMNT has infringed upon Plaintiff's LMNT mark in violation of federal and common law and damaged LMNT's goodwill by its conduct.

C.   Cancel U.S. Trademark Registration No. 7,118,388 for the mark TERRA ELMNT.

D.   Find that ELMNT has unfairly competed with LMNT by the acts complained of herein in violation of federal law and common law.

E.   Order that ELMNT remove any and all references to the ELMNT, ELMNT HEALTH, and TERRA ELMNT marks, including any company or account names, logos, photographs or videos, and/or any other posts or references, from the Internet and social media outlets, such as Facebook, Instagram, and X.

F.   Find ELMNT liable and award to LMNT monetary damages in an amount to be fixed by the Court in its discretion as just, including all of the Defendant's profits or gains of any kind, resulting from Defendant's willful infringement, and/or acts of unfair competition, said amount to be trebled and exemplary damages where applicable in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117 and the common law of the State of Florida;

G.    Award to LMNT punitive damages in connection with Defendant's willful and intentional unfair competition, pursuant to the common law of the State of Florida;

H.    Award to LMNT its attorneys' fees, due to the exceptional nature of this case, and all of LMNT's costs and expenses of litigation pursuant to 15 U.S.C. § 1117(a).

I.    Award to LMNT pre-judgment and post-judgment interest;

J.    Grant to LMNT such other and further relief as the Court may deem just, proper and equitable under the circumstances.

**<u>JURY DEMAND</u>**

LMNT demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: November 6, 2025

/s/ Nicole Berkowitz Riccio
Nicole Berkowitz Riccio (FL 1054795)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
200 East Broward Boulevard, Suite 2000
Fort Lauderdale, FL 33301
901.577.8166 Phone
901.577.0866 Fax
nriccio@bakerdonelson.com

Michael A. Albert (MA 558566) (Lead Counsel)
*Motion to Appear Pro Hac Vice Forthcoming*
malbert@wolfgreenfield.com

- 23 -

Christina M. Licursi (MA 671737)
*Motion to Appear Pro Hac Vice*
*Forthcoming*
clicursi@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax


Ryan Van Olst (MA 698181)
*Motion to Appear Pro Hac Vice*
*Forthcoming*
rvanolst@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
601 Massachusetts Avenue, NW
Washington, DC 20001
202.571.5001 Phone
617.646.8646 Fax

*Counsel for Plaintiff Drink LMNT, Inc.*