IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DRINK LMNT, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELMNT, LLC, <br><br> Defendant. | Civil Action No. 2:25-cv-01018-SPC-KRH |

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER
DENYING REQUEST FOR JURISDICTIONAL DISCOVERY**

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 3.01(b),

Plaintiff Drink LMNT, Inc. ("LMNT") objects to the Magistrate Judge's January 27,

2026 Order (Doc. 37, the "Order") denying LMNT's Conditional Motion for

Jurisdictional Discovery (Doc. 25, the "Conditional Motion").[1]

ELMNT has more than sufficient contacts with Florida to be subject to

personal jurisdiction in this Court, as established in LMNT's Complaint, its sworn

declarations and exhibits attached thereto, and its Opposition. LMNT has alleged—

---

[1] LMNT filed this trademark infringement action on November 6, 2025. (Doc. 1). ELMNT, LLC ("ELMNT") moved to dismiss for lack of personal jurisdiction on December 5, 2025. LMNT opposed, and separately filed a Conditional Motion for Jurisdictional Discovery (Doc. 25) which the Magistrate Judge denied on January 27, 2026. (Doc. 37). An extension of time to file Rule 72(a) objections until 14 days after the Court rules on the pending motion to dismiss was initially granted (Doc. 40), but later vacated (Doc. 62), and the Court set June 17, 2026 as the new deadline for the within Objections. (Doc. 63). This filing complies with that deadline.

and shown—that ELMNT transacts business in Florida by promoting, warehousing, shipping, and selling infringing products in this state. Those facts—which are to be taken as true for purposes of a Rule 12 motion—satisfy both the Florida long-arm statute and due process, and accordingly ELMNT's Motion to Dismiss should be denied on the existing record. No additional showing is needed.

Nevertheless, in case the Court were to find that the existing allegations and record did not suffice to establish personal jurisdiction, LMNT filed a *conditional* motion for jurisdictional discovery to resolve any such doubt.

The Order denying that conditional motion is contrary to Eleventh Circuit law. Despite sworn declarations that directly contradicted one another on jurisdictional facts, the then-presiding Magistrate Judge credited ELMNT's characterization of its Florida sales as "insignificant" and "random" even though ELMNT made no showing that the volume was "insignificant." ELMNT is uniquely situated to share that data with the Court, yet chose not to disclose it. The Order also faulted LMNT for not producing sales records that exist only in ELMNT's files and thus could be obtained only through discovery. Eleventh Circuit law is clear that jurisdictional discovery should be allowed where, as here, jurisdictional facts are disputed, uncertain, or uniquely within the defendant's possession.

## II.    STANDARD OF REVIEW

Under Rule 72(a), the District Court should modify or vacate a magistrate judge's order that is "clearly erroneous or is contrary to law." *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326 (M.D. Fla. 2011). "An order is contrary to law 'when it fails to

apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.*

## III.    ARGUMENT

### A.    There Are Genuine Disputes of Material Jurisdictional Fact.

The Eleventh Circuit recognizes (as the Order notes, Doc. 37 at 6) a plaintiff's qualified right to jurisdictional discovery where the jurisdictional facts are disputed. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982). A court thus "abuses its discretion if it completely denies a party jurisdictional discovery" in such a case. *Am. C.L. Union of Fla. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017).

The parties have each sworn to opposing accounts of at least four facts central to personal jurisdiction, listed below. The Order nonetheless erroneously found that LMNT had not "shown a factual dispute." (Doc. 37 at 7).

***Sales volume.*** Mr. Marriott contends that ELMNT is "unable to determine the ***total*** number of sales . . . shipped to a Florida address," purportedly because "***some*** of the platforms . . . do not provide this information." He denies that ELMNT's Florida sales are "significant, substantial, or meaningful"—but provides no support for that conclusory characterization, such as actual or even approximate sales data. (Doc. 19 ¶ 16) (emphasis added). LMNT's Complaint and the Brams Declaration both contradict his uncorroborated assertions. The Complaint alleges that ELMNT has made numerous sales generating substantial revenue from Florida consumers (Compl. ¶¶ 14, 15), and the Brams Declaration attests that Amazon and Walmart.com ***do*** make state-specific sales data available to sellers. (Doc. 26 ¶ 6). In short, ELMNT offers only conclusory denials while withholding the actual sales

3

figures. Jurisdictional discovery would help resolve this factual dispute.

*Warehousing and distribution.* Mr. Marriott states that ELMNT "does not work with a distributor that specifically serves Florida." (Doc. 19 ¶ 9).[2] The evidence belies that assertion. The Complaint alleges that ELMNT "routinely ships infringing goods into Florida" through its own website, Amazon, and Walmart.com. (Compl. ¶ 14). The Riccio Declaration confirms that ELMNT both warehouses and ships the accused product within Florida using Amazon as its distributor. (Doc. 43-1 ¶¶ 7–15).

*Florida business relationships.* Mr. Marriott asserts that ELMNT "has no contracts with any Florida-based company or entity, including any service provider or vendor." (Doc. 19 ¶ 8). But the Brams Declaration documents an influencer's Instagram post, listing "FL" as its profile location, labeled as a "paid partnership" with ELMNT. (Doc. 26 ¶ 28 & Exs. 10–11). There is thus at least a prima facie basis to believe that ELMNT does have a contractual relationship with a Florida entity.

*Florida-directed promotion.* Mr. Marriott asserts that ELMNT "has not purposefully or specifically advertised" its products to Florida residents and "has not specifically or purposefully directed any business or business activities into Florida." (Doc. 19 ¶¶ 5, 13). But the Brams Declaration documents that ELMNT affirmatively selected "Miami, FL" as the location tag in multiple Instagram posts advertising the infringing products (a tag Instagram applies only through the poster's manual

---

[2] ELMNT seeks to treat "specifically serves Florida" as though it meant "exclusively serves Florida." That is not what "specifically" means—the word Mr. Marriott used under oath. (*See* Doc. 53 at 4 n.3).

4

selection), that reached Miami-identified users. (Doc. 26 ¶¶ 25–27 & Exs. 7–9).

On each of these facts, which go to the issue of purposeful availment, LMNT's sworn testimony contradicts ELMNT's. This Circuit's law holds that jurisdictional discovery is the appropriate mechanism to resolve such factual disputes—particularly where, as here, the evidence to resolve them lies in ELMNT's possession.

**B.      The Order Is Contrary to Law in Discounting LMNT's Evidence as Post-Suit While Crediting ELMNT's Declarations.**

The Order discounts LMNT's test purchases for having "occurred . . . nearly a week or more after this action was filed," finding that "after-suit purchases" do not justify discovery. (Doc. 37 at 7–8). That theory misapplies the governing framework.

The Eleventh Circuit's Rule 12(b)(2) framework contemplates an evolving evidentiary record in which both parties submit competing affidavits. *See Meier v. Sun Int'l Hotels*, 288 F.3d 1264, 1269 (11th Cir. 2002) (jurisdictional affidavits shift the burden of production, and conflicts between them are resolved in plaintiff's favor); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). The plaintiff's burden to come forward with *evidence* arises only if—and after—the defendant submits affidavits contesting jurisdiction, *Meier*, 288 F.3d at 1269. Responsive evidence necessarily post-dates the Complaint. The Eleventh Circuit rejects the exclusion of relevant jurisdictional evidence based on when it was acquired. *See Morris v. SSE*, 843 F.2d 489, 492 n.1 (11th Cir. 1988) (holding the district court "should have considered any" testimony bearing on the defendant's forum contacts, even if elicited at a different time or for a different purpose).

By filing the Marriott and Lamb declarations, ELMNT thus opened the door to evidence on jurisdiction, and LMNT was entitled to respond in kind with its own declarations, as it did. The responsive timing of LMNT's declarations is a feature of the burden-shifting framework, not a defect in the procedural posture of its case.[3]

### C.    The Order Erred in Crediting ELMNT's Characterization of Its Florida Sales as "Insignificant" Without Any Evidence of Volume.

At this stage, the Court "does not weigh evidence or make credibility determinations." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1365 (11th Cir. 2021). Any conflicts in the evidence must be construed in plaintiff's favor. *Meier*, 288 F.3d at 1269. LMNT's allegations, accepted as true absent competent contrary evidence, suffice to make out a prima facie case. *See Posner*, 178 F.3d at 1215 (11th Cir. 1999); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). LMNT's declarations further confirm its allegations' plausibility. Yet the Order made credibility determinations on the papers, instead of construing the evidentiary conflicts in plaintiff's favor, as required.

The Order adopts ELMNT's characterization of its Florida sales as "insignificant" or "random." (Doc. 37 at 7). But nothing in the record discloses the volume of those sales, even approximately. Mr. Marriott declares that ELMNT cannot determine the "total" number of its sales shipped to Florida (Doc. 19 ¶ 16), but he never denies that he has *approximate* sales figures—data that could be highly

---

[3] Indeed, in deciding Rule 12(b)(2) motions, courts routinely consider supplemental affidavits containing new jurisdictional facts developed after suit is filed. *See, e.g., Rogers v. Omni Solution, Inc.*, No. 10-21588-CIV, 2010 WL 4136145, at *2–3 (S.D. Fla. Oct. 19, 2010).

informative as to jurisdiction. The Order does not explain why ELMNT's carefully worded and evasive declaration was credited while LMNT's declarants were not.[4] It thus violated the requirement of construing all reasonable inferences in plaintiff's favor. *Meier*, 288 F.3d at 1269; *AcryliCon*, 985 F.3d at 1364.

The Order also overlooked the legal significance of the fact that the actual or approximate volume of ELMNT's Florida sales lies uniquely with ELMNT. Such evidence is particularly appropriate for jurisdictional discovery. *See UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, No. 16-81180-CIV, 2016 WL 8794534, at *2 (S.D. Fla. Dec. 5, 2016) (collecting cases holding that jurisdictional discovery is "highly favored," and finding it "particularly appropriate" where a plaintiff lacks "personal knowledge of the inner workings of Defendants' business organizations.").

**D.    The Order Imposes an Evidentiary Standard That Does Not Apply at the Pleading Stage.**

The Order faults LMNT for not producing proof of "sale of [ELMNT's] product to a Florida resident other than its test cases." (Doc. 37 at 8). First of all, those test sales alone suffice to establish jurisdiction, or at least make a prima facie showing that ELMNT ships the products into Florida. But in any event, LMNT need not prove its case in its pleadings. Rule 8 requires only "a short and plain statement

---

[4] The Order's only nod to admissibility was conditional—"[e]ven if these allegations are admissible and not hearsay" (Doc. 37 at 7–8). But it did not *find* them to be hearsay, nor could it have: the declarations are sworn percipient-witness testimony, and their exhibits are ELMNT's own statements, Fed. R. Evid. 801(d)(2), or business records, Fed. R. Evid. 803(6). (*See* Doc. 61 at 5–6). In any event, for purposes of jurisdictional discovery, a declaration is not excluded as hearsay if it "can be reduced to an admissible form at trial." *Sky Enters., LLC v. Offshore Design & Drilling Servs., LLC*, No. 3:16-CV-916-J-32PDB, 2017 WL 7309871, at *5 n.4 (M.D. Fla. Dec. 21, 2017).

of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1); *Meier*, 288 F.3d at 1268–69, 1273 (prima facie showing suffices).[5] The Complaint's Florida sales allegations thus suffice. (Compl. ¶¶ 13–17). Proof comes later, after discovery. The Order inverts that sequence: it demands transaction-level evidence of ELMNT's sales before allowing discovery, and then denies the discovery needed to obtain that evidence.

Absent access to ELMNT's sales records, LMNT's only practical way to show shipments into the forum was to make a purchase. LMNT did so five times across three sales channels. Every order was fulfilled to an address in this District. (Doc. 26 ¶¶ 14–18; Doc. 27 ¶¶ 3–7; Doc. 28 ¶¶ 3–7; Doc. 43-1 ¶¶ 7–9). The Eleventh Circuit credits such evidence. *Louis Vuitton*, 736 F.3d at 1357 (purposeful availment shown where plaintiff's investigator made a test purchase from defendant's website into Florida). By disregarding those purchases, the Order was contrary to law. *See Eaton*, 692 F.2d at 731 ("Plaintiff must be given an opportunity to develop [jurisdictional] facts."); *Majd-Pour v. Georgiana Cmty. Hosp.*, 724 F.2d 901, 903 (11th Cir. 1984).

### E.     The Order Erred in Denying LMNT's Discovery Requests Without Examining the Scope or Merits of Discovery.

Citing *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017), the Order concluded that jurisdictional discovery "cannot serve as a fishing expedition,"

---

[5] Similarly, Rule 11—far from requiring a plaintiff to possess a defendant's internal sales records "before filing suit" (Doc. 37 at 7)—expressly authorizes factual contentions that "will likely have evidentiary support *after a reasonable opportunity for further investigation or discovery*." Fed. R. Civ. P. 11(b)(3) (emphasis added).

without addressing the scope of LMNT's actual request. (Doc. 37 at 8). But *Wolf* involved a passing "general request" made four months into the case that "did not specify what information he sought or how that information would bolster his allegations." 683 F. App'x at 792. LMNT did the opposite: one week after ELMNT moved to dismiss, LMNT filed a standalone motion identifying four categories of discovery, each tied to a disputed jurisdictional fact. (Doc. 25 at 2–3). That is exactly the showing *Wolf* requires. *Id.* Denying discovery without addressing any of LMNT's specific categories was clearly erroneous and contrary to law.[6]

The Order cited *Firestone Financial, LLC v. Fap Logistics, LLC*, No. 3:23-CV-988-MMH-SJH, 2024 WL 4535029, at *5 (M.D. Fla. Oct. 1, 2024) for the proposition that a plaintiff with no genuine dispute may not use discovery to "marshal facts that he should have had, but did not, before filing suit." But in *Firestone* "there [was] no *dispute* of jurisdictional facts." *Id.* at *5 (emphasis in original). Here, there were both allegations and substantial prima facie evidence. *Firestone's* rule addresses a plaintiff who needs discovery to *create* a jurisdictional dispute. Here discovery is warranted to *resolve* one. *Firestone* actually *acknowledges* the right to jurisdictional discovery "when facts that go to . . . jurisdiction are intertwined and genuinely in dispute." *Id.* at *5.

### F.    The Riccio Declaration Confirms the Genuine Dispute.

The Riccio Declaration rebuts the central premise of the Order by showing

---

[6] Nor does the Massachusetts court's dismissal, which the Magistrate found "persuasive" (*see* Doc. 37 at 8 n.1) support the Order. Personal jurisdiction is forum-specific. ELMNT's Florida contacts are far more extensive than in Massachusetts. The Magistrate's repeated assertion that the records are "nearly identical" (again, adopting ELMNT's wording) is unsupported and incorrect.

that a product "Sold by TERRA ELMNT"[7] (Doc. 43-1 ¶¶ 4, 6–7 & Ex. A) was delivered to an Orlando carrier facility within an hour of the order being placed— meaning that it must have been warehoused in Florida.[8] (*Id.* ¶ 8 & Ex. B; ¶¶ 12–13 & Exs. D–E). That evidence contradicts Mr. Marriott's sworn statement that ELMNT "does not work with a distributor that specifically serves Florida." (Doc. 19 ¶ 9). Twice presented with this evidence, ELMNT has filed no declaration refuting it.

## IV.   CONCLUSION

The existing record already establishes personal jurisdiction: ELMNT sells the accused products into Florida through multiple channels, warehouses its inventory in Florida for local delivery, and promotes the products using local influencers. Even a single sale would suffice, and ELMNT does not dispute that it makes Florida sales.

If, however, the Court were to conclude that these facts do not suffice, jurisdictional discovery should be allowed. The Order denying that request resolved in defendant's favor factual disputes that were required to be resolved in LMNT's favor. Eleventh Circuit law establishes LMNT's right to take jurisdictional discovery where such facts are disputed or unclear. LMNT therefore asks that the Order (Doc. 37) be set aside and the Conditional Motion (Doc. 25) granted.

---

[7] ELMNT disputes whether the evidence shows it is the seller. But LMNT's declaration and screenshots show it was. (Doc. 57, Ex. A; Doc. 43-1 ¶¶ 4, 6 & Ex. A). ELMNT offers no contrary *evidence*. Nor does it deny warehousing and distributing products in Florida through Amazon's FBA program. If ELMNT still denies being the seller, jurisdictional discovery can help elicit the facts.

[8] ELMNT owns the warehoused inventory. (Doc. 43-1 ¶ 15). Courts attribute Amazon sales and FBA warehousing in the forum to the seller. *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1092 n.4 (9th Cir. 2023); *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022).

Respectfully submitted,

Date: June 17, 2026

*/s/ Ryan Van Olst*

Michael A. Albert (admitted *pro hac vice*)
malbert@wolfgreenfield.com
Christina M. Licursi (admitted *pro hac vice*)
clicursi@wolfgreenfield.com
Kevin Y. Li (admitted *pro hac vice*)
kli@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

Ryan Van Olst (admitted *pro hac vice*)
rvanolst@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
601 Massachusetts Avenue, NW
Washington, DC 20001
202.571.5001 Phone
617.646.8646 Fax

Nicole Berkowitz Riccio (FL 1054795)
nriccio@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
200 East Broward Boulevard, Suite 2000
Fort Lauderdale, FL 33301
901.577.8166 Phone
901.577.0866 Fax

*Counsel for Plaintiff Drink LMNT, Inc.*

11

**CERTIFICATE OF SERVICE**

I certify that this document is being filed on June 17, 2026 through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Ryan Van Olst

Ryan Van Olst